In the Matter of PARMELEE MOTOR FUEL Co., INC., Petitioner, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 10, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Edmund B. Hennefeld, Isaac C. Donner* and *Jay. Cohen* of counsel), for respondents.

*Chadbourne, Hunt, Jaeckel & Brown* for petitioner.

VALENTE, J. To the extent that the petition seeks a review of the Comptroller's determination regarding taxes payable for the years 1934 to 1937, it is insufficient. The statutes imposing the taxes for those years█ contain no provision making the acts or rulings of the comptroller final determinations reviewable under article 78 of the the Civil Practice Act. In rejecting claims for refund for those years the comptroller was acting pursuant to his power to settle and adjust claims against the City. The petitioner's remedy was to maintain a plenary action for any alleged overpayments to the City. The statutory provision quoted at page 7 of the petitioner's brief█ was not enacted until 1939 as part of a provision authorizing final determina-

tions by the comptroller reviewable by a proceeding under article 78 of the Civil Practice Act. That provision was made applicable only to taxes " payable hereunder ", that is under the 1939 amendment which extended the scope of the previous statute.

The petition is also insufficient as to the tax payable for the year 1938. It is true that Local Law No. 20 of 1938 of the City of New York (Administrative Code, § O41–7.0) authorized the comptroller to make refunds of taxes erroneously, illegally or unconstitutionally collected and provided for a proceeding under article 78 of the Civil Practice Act. The provision for refunds is, however, expressly limited to cases where the tax was originally paid " under protest in writing, stating in detail the ground or grounds of the protest ". The petition fails to allege that the tax payments for the year 1938 were accompanied by any written protest.

The motion to dismiss the petition as insufficient is accordingly granted.