In the Matter of UNITED PIECE DYE WORKS, Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, et al., Respondents.

First Department, May 12, 1953.

*Phillip W. Haberman, Jr.,* of counsel (*Wilbur H. Friedman*
and *Gerald Silbert* with him on the brief; *Proskauer Rose
Goetz & Mendelsohn,* attorneys), for petitioner.

*Leroy Mandle* of counsel (*Seymour B. Quel* and *Stanley
Buchsbaum* with him on the brief; *Denis M. Hurley, Corpora-
tion Counsel,* attorney), for respondents.

Breitel, J.  Since the principles discussed in *Matter of United
Air Lines* v. *Joseph* (282 App. Div. 48) decided simultane-
ously herewith, are also involved in this case, the discussion
will not be repeated.  It will be assumed however that the
previous discussion is considered the ground for what follows
here.

This case involves the imposition of the New York City gross
receipts tax (Administrative Code, ch. 41, tit. RR; ch. 46, tit. B)
on an apportioned basis on the revenues of United Piece Dye
Works.  Dye Works resists the payment on the ground that
its revenues are derived exclusively from interstate activity.
The years 1946, 1947 and 1948 are in question.

Dye Works is a New Jersey corporation.  It prints and dyes
greige goods and " sizes " yarns in the skein.  It renders the
service to others who own the goods.  It has no plants in New
York State or city.  It has two plants in New Jersey and one
in California.  The greige goods come from mills in New Eng-
land and elsewhere directly to the Dye Works' plant in New
Jersey, and, after processing, are reshipped at the instructions
of Dye Works' customers.  The reshipments are in part to
New York City, or to places outside New York State.  The
bulk of the direct customers of Dye Works are in New York
City.  In fact, 95% of the total billings of Dye Works were to
customers having offices in New York City.  Orders for proc-
essing are received only in New Jersey and California, and are
there accepted or rejected.

In addition to the fact that most of its customers have offices in New York City, Dye Works has a four or five-story building in New York City, from which it services its accounts by advice, sales promotion, advertising, and claim handling. Reshipment of processed goods into New York City is done by Dye Works.

On these facts the city claims the right to impose an apportioned gross receipts tax for the privilege of doing business in New York City. The city requires allocation of receipts from customers in New York City, regardless of where delivered, and from finished materials delivered in New York City. Into the apportionment formula there is then built a minimum which results in one third of the allocable receipts being taxed. The contention is that Dye Works renders a service rather than sells merchandise, and that the service is a continuous unitary operation, in which the activities in and out of the New York office are an integral and principal part. Hence, it is argued that the receipts must be apportioned in order to render the local activities taxable.

We do not think so. The activities of Dye Works are exclusively in interstate commerce, and the incidental services rendered in New York City are insubstantial insofar as they do not directly relate to Dye Works' interstate operations. Almost entirely the services rendered in New York City are directly promotional or otherwise incidental to Dye Works' interstate operations.

At the Lodi, New Jersey, plant, Dye Works employs over 1,100 persons, occupies 507,000 square feet of floor space, does the processing here involved, and makes the contracts. The New York office, employing thirteen persons, is devoted to soliciting and to promoting Dye Works' services. It has been held many times and the city so concedes that, where one is in one State, the mere selling of merchandise or services in another State does not subject one to tax jurisdiction in the other State. (*McLeod* v. *Dilworth Co.*, 322 U. S. 327; *Memphis Steam Laundry* v. *Stone*, 342 U. S. 389.) It is an attenuated refinement to argue that the advice and promotion that Dye Works engages in in New York City to attract customers for its customers in New York City is a local activity separate and distinct from its interstate operations. It is still selling. If anything, it is a less tangible activity in a State than the direct selling that has been repeatedly held not to subject one to local taxation.

The distinction made by the city between the sale of goods and the rendition of service does not advance our understanding of the activity. Services, like goods, must be sold. Sales of goods, like sales of service, may entail promotion by advice, technical assistance, and specialized adaptation to the customers' needs. Indeed, the goods sold may require processing, or the processing of goods may require the addition of materials. In fact, the dyeing process here involves the agency of dyes that are lost and added to the goods in the process. Consequently we cannot distinguish the cases that apply to the sales of goods in interstate commerce from the fact complex in this case. Dyeing and promotion services are no more continuous with each other than are manufacturing or trade and promotion services.

The city in urging its view relies on *Cheney Brothers Co.* v. *Massachusetts* (246 U. S. 147) with respect to the decision as to the Northwest Consolidated Milling Company (at p. 155). It is sufficient to note that the facts there were quite different. There the salesmen for the Minnesota concern effected sales, i.e. contracts, in Massachusetts between the mills' customers in Massachusetts and their customers, in order to stimulate business for the distant concern. In other words, the Minnesota concern undertook to supply for its Massachusetts customers a service in Massachusetts that as to its Massachusetts customers was local on any theory. The only basis for claiming that it was interstate was that the service was provided by the out-of-State firm, but in the State. The only similarity between the service in the *Cheney* case and the service supplied by Dye Works is that they have the same purpose, more sales for the out-of-State concern, but otherwise there is no similarity in the nature, quality or extent of the service rendered.

The city also relies on *Norton Co.* v. *Dept. of Revenue* (340 U. S. 534). That case on its facts clearly involved intermingled intrastate and interstate transactions. Some of the sales in Illinois were made from stock in Illinois, on contracts made and performed in Illinois. Indeed, the taxpayer, as the city points out, conceded that it owed a tax for the intrastate receipts. The taxpayer lost out as to all its Illinois revenues, because as the court plainly pointed out, it had failed to assume the burden of showing the proper basis for allocation. That is not the instant problem. Dye Works had not mingled intrastate with interstate transactions, in the sense of effecting completely parallel and similar transactions, except that some are intrastate and others are interstate.

Rather we have here the type of situation that existed in *Hans Rees' Sons* v. *No. Carolina* (283 U. S. 123). In the *Hans Rees'* case a North Carolina manufacturer bought its raw materials elsewhere and sold the finished products through the New York office. Only the manufacturing was done in North Carolina. North Carolina sought to tax 66% to 85% of the income. It was held that North Carolina could tax only the allocable income from the manufacturing part of the business, described as unitary, because its profits obviously arose from purchases (outside North Carolina), manufacturing (inside North Carolina), and sales (outside North Carolina). Manufacturing is traditionally deemed localized and therefore subject to local tax. But the sales that escaped North Carolina's tax were not " selling activities ", but income from sales contracts made in New York. The court found that the out-of-State operations, purchases of hides and sales of processed hides, aggregated the bulk of taxpayer's income.

In order for the city to come within the holding of the *Hans Rees'* case, it must show more than solicitation and promotion in New York City. To subdivide promotion activity in order to uncover some special atoms of local application does not change the fact that Dye Works' New York activities do not extend beyond " drumming " up business.

As in the *United Air Lines* case (282 App. Div. 48, *supra*), decided herewith, it is important to note that we are not saying that Dye Works is not taxable in New York City under any circumstances, or that it is free from all varieties of local taxes. But we are saying that the city may not impose a privilege tax on Dye Works for the privilege of carrying on in New York City what is exclusively interstate commerce. (*Spector Motor Service* v. *O'Connor,* 340 U. S. 602; *Joseph* v. *Carter & Weekes Co.,* 330 U. S. 422; *Puget Sound Co.* v. *Tax Commission,* 302 U. S. 90; *Matter of Seeth* v. *Joseph,* 276 App. Div. 188.)

Without dwelling on it, we would like to point out that in this case there is real danger of multiple tax burden from both New York and New Jersey, if the city's contentions were to prevail. See *Department of Treasury* v. *Mfg. Co.* (313 U. S. 252) where an enameling plant in Indiana, processing stoves and refrigerators for out-of-State owners, was held to be subject to Indiana gross income tax without deduction, the enameling process being considered a business localized in Indiana.

Accordingly, the determination of the city comptroller assessing the apportioned tax on receipts should be annulled and a

refund directed of the taxes paid for the years 1947 and 1948. With respect to the taxes paid for the year 1946 the determination should be confirmed, the taxpayer having failed to make timely or proper protest.

CALLAHAN, J. (dissenting). While this proceeding involves the same tax statute as the *United Air Lines* case decided herewith (282 App. Div. 48), the cases differ in respect to the nature of the businesses and the extent of the local activities of the taxpayers. The petitioner, United Piece Dye Works, was rendering service to converters of greige goods and yarns in dyeing their merchandise and promoting the sale of the finished product through advertising programs and media.

The problem in the imposition of a gross receipts tax arises because the taxpayer in this case has its dyeing plants in States other than New York, but carries on a large part of its connected activities in New York City.

The merchandise passes through the channels of interstate transportation before and after processing. This does not in and of itself deprive the city of the power to tax the privilege of carrying on the business of rendering service here, if the local activities of the taxpayer are substantial and separable from the commerce, and the tax is fairly apportioned (*Western Live Stock* v. *Bureau,* 303 U. S. 250).

The tax sought to be imposed is solely upon receipts from orders for the dyeing of goods taken from New York converters and with respect to goods delivered to the petitioner's customers in New York after dyeing. The tax is imposed on only one third of such receipts. The fact that the ultimate end of all the services rendered to its customers is the dyeing of their goods, does not make that the sole service offered by the petitioner. When the whole procedure is considered, it is reasonably clear that there is an integrated service of which the actual processing is merely a part. It is difficult to say whether the transportation of the goods between States was anything more than an incident of the service.

If the local activities of the petitioner show the rendition of service helpful in meeting business competition in New York, and such service in New York may be decisive in holding its market, I take it that the activities here are substantial (*Norton Co.* v. *Dept. of Revenue,* 340 U. S. 534). Further, these services would also seem to be separable from the interstate operations of the taxpayer, which had localized many of its activities.

The majority opinion refers to the local activities as mere solicitation and promotion of interstate business. They certainly extend beyond mere solicitation. Nor do I regard them to be so incidental to the interstate activities as to be merely promotional in character. The taxpayer maintains an office in New York City with a large staff of experts, who perform services essential to the success of its whole effort. No doubt, these activities are performed in this jurisdiction because 70% or more of the moneys collected from the petitioner's customers are collected from converters located in New York City. These customers are not interested merely in changing the color of goods, but also in having the goods made up into attractive shades and readily saleable patterns. The converters come to the petitioner's New York office for expert advice with respect to the dyeing and printing of the goods. This appears to be an important and tangible part of the whole service rendered, and for which the ultimate consideration will be paid if any dyeing of the goods takes place. In fact, a customer might avail itself of this preliminary service without initiating any interstate movement of goods.

The taxpayer also maintains an adjustment bureau in New York City, to which the New York converters come with any complaints as to the finished products. Ability to adjust these complaints locally appears to be a facility of considerable moment, which may well be a material part of the service performed for its New York customers.

Again, the advertising department of the petitioner operates from the New York office. It employs the advertising system followed by numerous manufacturers and known as national advertising, i.e., publicizing their product for the benefit of customers. The petitioner thus helps to create a market for the converters' goods.

Concededly, a large portion of the garment manufacturers reached by this advertising are located in New York City, and there is no question that the advertising conducted by the petitioner enables the converters to effect a considerable number of local sales to the garment manufacturers. This is a local activity, which is more than solicitation of the interstate business of United (*Cheney Brothers Co.* v. *Massachusetts,* 246 U. S. 147).

Thus, we have a localized *modus operandi* in the furnishing of service by the petitioner, a New Jersey corporation, licensed to do its business here. It leases a large building, where it maintains extensive offices and an important part of its staff.

There is much more than solicitation and promotion here. There is at least partial performance of the whole enterprise by activities of a local nature not directly part of the interstate commerce. Though the petitioner's employees outside the State are more numerous than those stationed in New York, those located here are in a higher bracket than the average out-of-State workers. The latter render services in connection with the out-of-State portion of the taxpayer's business, which, however, the city does not claim the right to tax.

The present case resembles in some respects the *Norton* case (*supra*) though there are some differences in the facts. There an occupation tax imposed by Illinois on gross receipts, but excluding interstate commerce, was involved. A Massachusetts manufacturer opened an Illinois branch office, where it kept a partial stock of materials. It made local or over-the-counter sales in Illinois. The taxpayer agreed to pay a tax on such transactions. In addition, there were sales of goods on orders sent directly to Massachusetts by Illinois customers, and these orders were filled by shipments from Massachusetts directly to the customers. These were interstate transactions, and the income therefrom was held not to be subject to local taxation. The remaining class of transactions, more resembling the present taxpayer's local activities, comprised sales on orders, which were received from Illinois customers at the Illinois office and forwarded to Massachusetts. When these were filled, the goods were shipped in carload lots to the Illinois office of the taxpayer, where they were broken up by employees of the Norton Company and delivered to the various Illinois customers. A price saving was effected by the cheaper rates obtained for bulk transportation. The court held that this third class of transaction subjected the Massachusetts corporation to the Illinois tax, because the taxpayer had failed to show that the services rendered in Illinois were not decisive factors in establishing and holding the Illinois market. Thus, it can be seen that the rendition of services after receipt of the goods in Illinois was sufficient to afford the basis for a local occupational tax. In the instant case services were rendered both before and after the shipment of the goods, and a general advertising campaign was conducted by the petitioner from New York. These would appear to be services of a local nature warranting a local receipts tax.

This case is materially different from the precedents cited in the majority opinion.

In *McLeod* v. *Dilworth* (322 U. S. 327) the taxed corporation had no office in the taxing State, and Arkansas sought to impose a tax on sales made in Tennessee, where title to the goods had passed on delivery to a carrier. The mere solicitation of orders in Arkansas was held to afford no basis for taxation by that State.

In *Memphis Steam Laundry* v. *Stone* (342 U. S. 389) Mississippi laid a privilege tax on a Tennessee corporation soliciting laundry business in Mississippi, and which sent its trucks to pick up and return the laundry to Mississippi after laundering in Tennessee. The only activity in Mississippi was solicitation of business followed by the pick-up and redelivery of the laundry. In addition, the tax was discriminatory in that Mississippi laundries carrying on a similar local business were assessed in a smaller sum.

In *Spector Motor Service* v. *O'Connor* (340 U. S. 602) the Supreme Court was concerned with a franchise tax, which the State court had construed as taxing the privilege of doing business by a corporation engaged solely in transporting goods in interstate commerce. Whatever local operations were conducted by the taxpayer were clearly part of the interstate transportation of goods, and not distinctive and separable local activities.

The cases of *Joseph* v. *Carter & Weekes Co.* (330 U. S. 422); *Puget Sound Co.* v. *Tax Commission* (302 U. S. 90), and *Matter of Seeth* v. *Joseph* (276 App. Div. 188) all involved unapportioned taxes imposed directly on the proceeds of interstate commerce.

In my opinion, the validity of the tax under review finds support in *Hans Rees' Sons* v. *No. Carolina* (283 U. S. 123). The decision in that case upheld the imposition of an allocable income tax on the manufacturing end of a business, which was carried on in North Carolina, but excluded income from activities consisting of purchases and sales consummated outside the State. The case not only supports the allocable tax on the local activities, but holds that where the business is unitary in the sense that the ultimate gain is derived from an entire business, this does not mean that the activities conducted in various jurisdictions are to be regarded as component parts of a single unit for the purpose of taxation. The decision further indicates that the State in which the manufacturing plants are located may not tax more than the local transactions, thus reducing the danger of double taxation in a case like the present.

Under the circumstances, I find no occasion to discuss the propriety of the apportionment formula employed by the city in this case.

For the foregoing reasons, I accordingly dissent from the majority holding that the tax under review is unconstitutional and void in its application to the taxpayer in this case.

DORE, J. P., COHN and VAN VOORHIS, JJ., concur with BREITEL, J.; CALLAHAN, J., dissents in opinion.

Determination annulled and a refund directed of the taxes paid for the years 1947 and 1948. With respect to the taxes paid for the year 1946, the determination is confirmed, the taxpayer having failed to make timely or proper protest. Settle order on notice.