(April 27, 1954.)

■

HARRY L. ROBERTS, Respondent, v. HERBERT H. SEGERMAN et al., Appellants. — Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ. [See *post,* p. 1053.]

■

ROBERT S. COURTNEY, Respondent, v. MARCUS LOEW BOOKING AGENCY, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

■

LYDIA COPE et al., Appellants, et al., Plaintiffs, v. HOTEL SHELTON COMPANY, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

■

ANTHONY T. ETHERIDGE, Appellant, v. CITY OF NEW YORK, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

■

SADYE F. LIEBERMAN, Respondent, v. OSCAR LIEBERMAN et al., Appellants.— Judgment unanimously modified by striking therefrom next to the last decretal paragraph which enjoins the defendants from representing that the plaintiff is not the wife of the defendant and, as so modified, affirmed, without costs. The decree provides that the plaintiff is the lawful wife of the defendant, Lieberman, and that the defendant, Gordon, is not married to the defendant, Lieberman. These provisions clearly define the matrimonial status of the parties. A court of equity will not award the extraordinary relief of injunction except in cases where some legal wrong has been done or is threatened. The findings of the trial court that the defendant husband owns realty in foreign States in which the plaintiff has statutory property rights does not justify restraining the defendants from representing that plaintiff is not the wife of the defendant, Lieberman. The judgment in its modified form adequately protects the rights of the plaintiff. It is not the province of courts of equity to administer paternal relief in domestic affairs or to make decrees that cannot be enforced. (Cf. *Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197, and *Garvin* v. *Garvin,* 306 N. Y. 118.) Settle order on notice. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

■

W. GAMBY & CO., INC., Respondent, v. G. JIMENEZ CORPORATION, Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.

■

NATIONAL STEEL CORPORATION, Respondent, v. CITY OF NEW YORK et al., Appellants.— Judgment unanimously affirmed, with costs. (*Matter of United Piece Dye Works* v. *Joseph,* 282 App. Div. 60.) No opinion. Present — Peck, P. J., Cohn, Callahan, Bastow and Bergan, JJ.