MERCURY MACHINE IMPORTING CORP., Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, March 29, 1956.

*Isaac Anolic* for appellant.

*Herbert S. Taten* of counsel (*Stanley Buchsbaum* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

BOTEIN, J. Plaintiff corporation imports sewing machines from Japan. Its accountant, unaware that transactions in foreign commerce were not subject to the New York City general business tax on gross receipts (Administrative Code of City of New York, ch. 46, tit. B), caused plaintiff to file a tax return and make payment pursuant to it. A year later, realizing the error, plaintiff applied to the comptroller for return of the payment.

Section B46–7.0 of the Administrative Code, enacted pursuant to article 2-B of the General City Law, provides that " the treasurer upon the order of the comptroller shall refund any tax, interest or penalty erroneously, illegally or unconstitutionally collected by or paid to him, *under protest in writing,* stating in detail the ground or grounds of the protest, if application to the comptroller therefor shall be made within one year from the payment thereof. * * * After making his determination the comptroller shall give notice thereof to the person interested who shall be entitled to maintain a proceeding under article seventy-eight of the civil practice act to review such determination if instituted within thirty days after such determination " (emphasis supplied).

Plaintiff made no protest in writing, for the obvious reason that it did not realize at the time of the payment that it had incurred no tax liability. After hearings were held by the comptroller, the taxpayer's application for refund was denied, although concededly the city was not entitled to any tax. The hearing officer gave no reasons for the denial of the claim, but the city's brief states it was because the tax had not been paid under written protest.

Rather than seek a review of the determination within 30 days by an article 78 proceeding, the taxpayer, 69 days later, commenced this plenary action in the Supreme Court to recover from the city for money had and received, alleging that the city had been unjustly enriched by retention of the payment made in error. The city moved to dismiss the complaint under rule 107 on the ground that there was a final determination by the

comptroller denying the refund which had not been reviewed within 30 days by an article 78 proceeding; and that therefore this determination was *res judicata,* barring the plenary suit. Special Term granted the motion and plaintiff appeals from the order of dismissal.

The Administrative Code (§ B46–9.0) provides in substance that the exclusive remedy available to the taxpayer for review of tax liability of the nature involved here lies in application to the comptroller and that the comptroller's determination may in turn be reviewed only in an article 78 proceeding. It is now firmly established, however, that the prescribed remedies or procedures for review are not exclusive when the jurisdiction or authority of the taxing officer is challenged on the ground that the statute is unconstitutional; or where, as here asserted, the statute by its own terms does not apply in a given case (*Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234, 239; *Dun & Bradstreet* v. *City of New York,* 276 N. Y. 198; *All American Bus Lines* v. *City of New York,* 268 App. Div. 508, affd. 296 N. Y. 571; *Booth* v. *City of New York,* 268 App. Div. 502, affd. 296 N. Y. 573; *Stampers Arrival of Buyers* v. *City of New York,* 269 App. Div. 741, affd. 296 N. Y. 574; *National Steel Corp.* v. *City of New York,* 1 Misc 2d 1012, affd. 283 App. Div. 867). In such cases the taxpayer is not relegated solely to his administrative remedies and article 78 review, but may bring appropriate plenary action.

The city argues that these authorities are not applicable in this case because plaintiff has elected his remedy — by administrative review. The city contends that having chosen the administrative process provided by the Administrative Code, the taxpayer may only review the decision rendered in the forum of his choice in an article 78 proceeding, as also provided by the Administrative Code. The remedy first invoked was doomed to failure, however, because as above noted, the comptroller was authorized to make refunds only when the taxpayer made payment " under protest in writing " (§ B46–7.0); and plaintiff made no such protest.

True, article 122 of the comptroller's regulations dispenses with the necessity of protest " in the case of a pure mistake of fact ". No similar dispensation is made for mistakes of law. The comptroller evidently found that plaintiff paid under mistake of law — an inescapable conclusion — and since no protest had been filed, the comptroller perforce had to reject the claim.

At this point recourse to review of the comptroller's action by an article 78 proceeding would have been completely ineffectual because that official had no authority to grant the taxpayer any relief. And, of course, under article 78 the comptroller could

not be directed to perform an act beyond the powers delegated to him. Thus, in *Matter of United Piece Dye Works* v. *Joseph* (282 App. Div. 60, 65, affd. 307 N. Y. 780, certiorari denied 348 U. S. 916) where the taxpayer followed the article 78 procedure to review a determination denying a refund, we held the comptroller was correct in denying a refund because the taxpayer had failed to make timely or proper protest. (See, also, *Matter of Fredenburg & Lounsbury* v. *Joseph,* 280 App. Div. 973.)

Here error precluded the possibility of protest, and hence the administrative remedy was unavailable. Must plaintiff then be forever barred because he has selected a remedy so circumscribed by conditions impossible of performance that it is in fact no remedy at all? A contention that a governmental body, by setting up conditions nearly impossible of fulfilment can confer virtual immunity upon itself, free from any claims of unjust enrichment, is intolerable. Fundamentally, a governmental unit has no greater right than an individual to retain moneys to which it is not rightfully entitled. " No sound reason exists for exonerating even municipal corporations from the controlling effects of this wholesome principle; for it is equally as unjust and inequitable for them to retain money they have acquired without consideration, as it is for a private person to attempt to do so." (*Chapman* v. *City of Brooklyn,* 40 N. Y. 372, 380.)

The city urges that lack of protest is in effect a waiver of the taxpayer's right to claim a refund, since it indicates a voluntary payment, but there can be no waiver without conscious knowledge of the rights being intentionally waived (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 222 N. Y. 34, 37; *American Bridge Co.* v. *State of New York,* 245 App. Div. 535). The city also claims that protest is necessary so as to give the notice necessary for making the required budgetary adjustments. To hold, however, that protest is an indispensable requirement for all recovery, even of payments made through mistake, would lead to the filing of protests as a matter of course, an eventuality which would result in greater rather than less fiscal confusion — and a practice we do not believe the city desires to encourage.

If resort to the administrative procedure is precluded, the appropriate remedy, as indicated in *Matter of Parmelee Motor Fuel Co.* v. *McGoldrick* (185 Misc. 965, affd. 269 App. Div. 683) is a plenary action to recover the sum erroneously paid. In such a case, the conditions precedent to administrative review would not apply. It should make no difference that the taxpayer first sought relief from an officer who had no statutory power to

consider his application on the merits (*Stampers Arrival of Buyers* v. *City of New York,* 269 App. Div. 741, affd. 296 N. Y. 574, *supra*; *Andersen* v. *City of New York,* 172 Misc. 370, 372). The initial choice of an inadequate remedy is not an irrevocable bar to all remedy. Plaintiff, having blundered into a cul-de-sac, should be permitted to extricate himself and take the right road.

The city's contention that the comptroller's determination after hearing was *res judicata* and therefore constitutes a bar to this lawsuit cannot withstand analysis. Implicit in the comptroller's denial of refund was a determination that he had to stop at the threshold, and that he had no authority to consider the merits of the taxpayer's application. The comptroller on this record could have determined only two things — that there was no protest and that the payment was made under a mistake of law. In order for the comptroller's determination to operate as a bar to a subsequent suit, that determination must have been based on the merits of the case (50 C. J. S., Judgments, § 626). A determination is not on the merits when relief has been denied for want of jurisdiction, where the form of action has been misconceived, or where there has been a mistake in the remedy chosen (2 Freeman on Judgments [5th ed.], §§ 733, 734, 735).

The rule is succinctly set forth in subdivision 2 of section 65 of the Restatement of Judgments: "Where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy." (See *Smith* v. *Kirkpatrick,* 305 N. Y. 66.)

A similar argument urging a prior determination as a bar was disposed of in *Henry* v. *Herrington* (193 N. Y. 218, 222–223) where the court said: "The plaintiff's previous action was fruitless, because she had no right to maintain it, upon her own showing; but that did not preclude her from, subsequently, bringing an action, in which she asserted a right which she possessed. (*Kinney* v. *Kiernan,* 49 N. Y. 164, 169.) She had made no election, for there was no choice of remedies against the defendant, * * * she mistook, or misconceived, her remedy and was dismissed; but she did not forfeit her legal right to bring this action to recover from the defendant what he owed her. Any step, or action, taken by her, which was fruitless, because proceeding on a misconception of the rights which the law gave her, left her unaffected as to any legal remedy which she did possess."

Finally, the city argues that even in a plenary suit, there can be no recovery for a payment made under a mistake of law, but only where there has been a mistake of fact. This may previously have been the law (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29), but section 112-f of the Civil Practice Act, enacted in 1942, now provides: '' When relief against mistake is sought in an action or proceeding or by way of defense or counterclaim, relief shall not be denied merely because the mistake is one of law rather than one of fact.'' No exception is made for tax payments sought to be recovered for a mistake of law. Our holding in *Egyptian Lacquer Mfg. Co.* v. *City of New York* (285 App. Div. 940) cannot be taken as authority to the contrary, since involved in that case, among other issues, was the city's right to assert as a defense that the payments in dispute were made voluntarily and knowledgeably. This does not appear to be such a case.

We do not here pass upon the validity of article 122 of the comptroller's regulations, which creates a distinction as to '' pure mistake of fact '' not recognized by statute, but hold only that in a plenary suit to recover for mistake, the distinction between mistakes of law and mistakes of fact is wholly immaterial. The order of Special Term dismissing the complaint should be reversed and the motion to dismiss the complaint should be denied.

PECK, P. J., BREITEL, RABIN and FRANK, JJ., concur.

Judgment and order unanimously reversed, with costs to the appellant, and the motion to dismiss the complaint denied.