Benedict D. Dinebn, J.
Plaintiff moves for summary judgment to declare that the General Business and Financial Tax Laws of the City of New York (Admisistrative Code of City of New York, § RR41-1.0 et seq.) § B46-1.0 et seq.) do not apply to the plaintiff and that if the said laws do apply the same are unconstitutional. Plaintiff is a Massachusetts corporation engaged in manufacturing textile piece goods and curtains and sells at wholesale. It is authorized to do business in the State of New York and maintains two offices in the city of New York. Working out of these offices are three vice-presidents, a clerical staff and salesmen totaling approximately 95 employees. These officers and employees are engaged in such activities within the city of New York by reason of which the defendants claim makes them subject to be taxed at least in part. The manufacturing processes, packing and shipping are all performed outside the State. The local activities, though numerous and varied, form an integral part of the plaintiff’s business. Such activities are not separate and distinct and are related to the interstate business carried on by the plaintiff and cannot be isolated from such business. The activities are incidental and related to the interstate operations of the plaintiff and as such are not subject to local taxation even if orders for goods to be shipped from outside the State are obtained (Matter of United Piece Dye Works v. Joseph, 282 App. Div. 60). The authorities cited in the briefs submitted lead to the conclusion that none of the activities engaged in by the plaintiff can be characterized as local in nature so as to be taxed by the defendants, but are component parts of interstate commerce. Such conclusion obviates the necessity to consider the allocation formula as applied to the plaintiff. However, there remains a further question as to the amount sought to be recovered by the plaintiff. Payments were made for the years 1947 to 1951, inclusive. Payments for the years 1949 and 1950 were made without any reservation or protest. Such amounts cannot be recovered, having been made voluntarily and knowledgeably (Mercury Mach. Importing Corp. v. City of New York, 1 A D 2d 337). Motion granted in accordance herewith.
Settle order.