■ JOHN MASSEY et al., Appellants, v. WILLIAM MEURER, Respondent.— Judgment, entered upon jury verdict in favor of defendant, unanimously reversed, on the law, without costs or disbursements, and new trial ordered. Notwithstanding that it appears that the plaintiffs were not seriously injured and that the verdict for the defendant is supported by the evidence, we are constrained to reverse and grant a new trial because of clear error in the admission into evidence, over objection, of proof of defendant's acquittal on the charge of driving while intoxicated. It is well settled that " a judgment of acquittal in a criminal prosecution is not admissible in a civil action". (Richardson, Evidence [9th ed.], § 369, p. 353; see, also, *Schindler* v. *Royal Ins. Co.*, 258 N. Y. 310, 313; *Walther* v. *News Syndicate Co.*, 276 App. Div. 169, 174; *Etheridge* v. *City of New York*, 121 N. Y. S. 2d 103, affd. 283 App. Div. 867.) On this record, there was no justification for the receipt of the proof on the theory that plaintiffs had opened the door; and, inasmuch as defendant vigorously disputed plaintiffs' proof tending to show that he was intoxicated, the error may not be regarded as nonprejudicial. It may be that this incompetent proof influenced the jury in resolving issues of credibility as well as determining the issues of negligence and contributory negligence. We have denied the plaintiffs costs on this appeal because, among other reasons, it appears that this action should not have been brought in the Supreme Court. The plaintiffs completely failed to substantiate their respective claims as to serious injuries as alleged in their complaint and bills of particulars. The parties should stipulate to remove the action to Civil Court, and, in the event they do so, an order of removal should be entered providing for an immediate trial there. Concur — Botein, P. J., McNally, Stevens, Eager and Witmer, JJ.