■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. KURTZ, Appellant. — Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered January 5, 1982, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol in violation of subdivisions 3 and 4 of section 1192 of the Vehicle and Traffic Law. On the evening of August 29, 1981, defendant and his girlfriend, Janet Wilson, were riding in defendant's automobile when it left the roadway and struck a nearby embankment. Defendant was thereafter indicted and convicted of driving while intoxicated, as a felony. Ample evidence was produced from which the jury could have concluded, beyond a reasonable doubt, that defendant was both intoxicated and the operator of the vehicle and not merely a passenger, as defendant had maintained throughout the trial. Defendant's assertion that the court's instruction to the jury concerning the inference to be drawn from his refusal to submit to a breathalyzer test was overly broad and cause for reversal is also unconvincing. The court charged that defendant's refusal to take the test "raised an inference that * * * he was afraid that he could not pass the test" and this "raises an inference of consciousness of guilt" which by itself was insufficient to convert, but which could be considered along with all the other evidence in determining whether the prosecution had proven its case beyond a reasonable doubt. The defense excepted to this charge claiming that the inference should be limited to inferring intoxication only; this would have prohibited the jury from considering defendant's refusal to take the test on the issue of who was driving the car. Section 1194 of the Vehicle and Traffic Law is not so restrictive. It provides (subd 4) that evidence of a refusal to take a breathalyzer test "shall be admissible in any trial, proceeding or hearing". There is no indication in the statute that the Legislature wished to confine the inference to intoxication only rather than to the presence of a consciousness of guilt. Because defendant's conduct suggests the attendance of a guilty mind, in much the same way that an accused's flight or concealment would, the inference that defendant was guilty of operating the vehicle while intoxicated was both logical and justified (*People v Haitz,* 65 AD2d 172, 176; see *South Dakota v Neville,* 459 US __, 50 USLW 4148, 4150). It is also worth noting that the statute deals only with an inference which can be either accepted or rejected by the jury in light of the other evidence presented and can never be the sole basis for guilt. Here, the trial court made this eminently clear to the jurors and kept the burden of proof on the issue of the driver's identity squarely upon the prosecution. Lastly, given defendant's two previous convictions for driving while intoxicated, there is no merit to the argument that the sentence to a term of one year in the county jail was either harsh or excessive. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.