■ WILLIAM C. CASEY, Appellant, v NANCY TIERNO et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (DiPaola, J.), dated April 15, 1985, which was in favor of the defendants and against him, upon a jury verdict.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff, William Carter Casey, brought an action to recover damages for personal injuries which he allegedly sustained on November 13, 1982, when he was first struck by a vehicle driven by the defendant, Nancy Tierno, and then struck by a vehicle driven by the defendant John Horcher as he was attempting to cross Stewart Avenue at approximately 12:45 A.M. At the trial, Stewart Avenue in Garden City was described as a four-lane roadway with two lanes running eastward and two lanes running westward, divided by a double yellow line.

Police Officer Robert Gibson of the Garden City police testified that although he did not witness the accident he had prepared an accident report based on his investigation of the incident shortly after its occurrence. He further testified that the accident report relied on physical evidence and statements made by the defendants Tierno and Horcher to the police immediately after the accident. During cross-examination, Gibson read from the report which had been admitted into evidence and stated that he had indicated no "Apparent Contributing Factors" on the part of the defendant Horcher. As for the defendant Tierno, Gibson had noted in his report "that the roads were wet and slippery". Reading directly from the accident report Gibson stated the following contributing factors on the part of the plaintiff: "Pedestrian confusion due to his actions of crossing the street and possible alcohol involvement due to the smell of alcohol". On redirect examination Gibson testified that he had determined that the plaintiff appeared "confused" based on a statement by the defendant Tierno that she observed the plaintiff walking southbound across Stewart Avenue, beeped her horn and then observed the plaintiff turn and walk northbound as she swerved across the double yellow line.

The defendant Tierno had testified earlier that she was driving in the left lane of Stewart Avenue headed eastward

when she spotted the plaintiff walking in a southerly direction across the double yellow line, and then braked, beeped and swerved to the left to avoid hitting him. The plaintiff took "two steps going back in the northbound direction towards my car" at which point impact occurred. The plaintiff, as he was lying in the roadway was then struck by a vehicle driven by the defendant Horcher.

We conclude that the trial court erred in admitting that portion of the accident report which consisted of self-serving hearsay statements into evidence. The defendant Tierno was under no business duty to report the accident to the police and her statement does not qualify as a declaration against interest or fall under some other exception to the hearsay rule *(see, Cover v Cohen,* 61 NY2d 261, 274; *Johnson v Lutz,* 253 NY 124; *Murray v Donlan* 77 AD2d 337, *appeal dismissed* 52 NY2d 1071; *Toll v State of New York,* 32 AD2d 47). Since the report in the instant case contained hearsay statements relevant to ultimate issues of fact, that portion of the report admitted into evidence constituted prejudicial and reversible error *(see, Quaglio v Tomaselli,* 99 AD2d 487).

In addition, there was no proof that the police officer was qualified to conduct postincident expert analysis of the observable physical evidence and thereby render a conclusion concerning the cause of the accident. Thus, to the extent that the accident report contained the unqualified opinion evidence of Police Officer Gibson, it was inadmissible *(see, Murray v Donlan, supra).* Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.