■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE T. ROSE SELSMEYER, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered June 28, 1985, upon a verdict convicting

defendant of the crime of operating a motor vehicle while under the influence of alcohol.

After trial defendant was convicted of driving while her ability was impaired in violation of Vehicle and Traffic Law § 1192 (1), as a lesser included offense of the charge of driving while intoxicated as a felony. Defendant was sentenced to serve a 90-day intermittent prison sentence and was fined $1,500.

Defendant contends that County Court erred in that part of its charge relating to the effect of defendant's refusal to take a chemical test. In this regard, the court charged that defendant's refusal to submit to such a test raised an inference that she was afraid she could not pass it, and an inference of consciousness of guilt. The court further charged that this inference could be raised only if the People proved the following: that there was reasonable ground to believe defendant was operating a vehicle in an intoxicated condition, that the police officer lawfully arrested defendant for a violation of Vehicle and Traffic Law § 1192, that within two hours of defendant's arrest the police officer requested defendant to submit to such test, that defendant refused, that the police officer warned defendant in clear and unequivocal language of the legal effect of her refusal, and that defendant was under no compulsion to refuse to take the test. We have previously considered and approved a similar charge relating to the effect of defendant's refusal to take a test when the People have demonstrated compliance with the conditions prerequisite to proof of defendant's refusal (see, People v Kurtz, 92 AD2d 962). Accordingly, we find no error.

As to defendant's contention that the sentence was excessive, we find it to be without merit, considering defendant's prior record of two misdemeanor convictions under Vehicle and Traffic Law § 1192. The judgment of conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.