■ ANNA BAZZA et al., Appellants, v JOSEF E. BANSCHER et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Delaney, J.), entered May 20, 1987, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On the evening of June 25, 1984, a car driven by the plaintiff Anna Bazza (hereinafter Bazza) and a van driven by the defendant Josef Banscher were involved in an accident at an intersection in Harrison, New York. According to the plaintiffs, Banscher's drunken condition caused the accident. Bazza was allegedly at a full stop in observance of a stop sign when Banscher "curved" into her. According to the defendants, Bazza caused the accident when she negligently proceeded into the intersection at the same time as Banscher, who had the right-of-way, did the same.

At trial, the court committed reversible error when it allowed the investigating police officer to testify, over the objection of the plaintiffs' counsel, that Banscher had told him at the scene of the accident that Bazza "had ridden through the stop sign." This statement was self-serving hearsay, and the record does not establish that the statement was within any exception to the hearsay rule (see, Cover v Cohen, 61 NY2d 261, 274). Moreover, this statement related to the ultimate issue of the case—the cause of the accident; as such, its admission constituted prejudicial and reversible error (see, Casey v Tierno, 127 AD2d 727; Quaglio v Tomaselli, 99 AD2d 487).

The trial court also erred when it prevented the plaintiffs from introducing into evidence Banscher's refusal to submit to a breathalyzer test after the accident. The admission of evidence was not barred by Vehicle and Traffic Law § 1194 (4). This provision does not preclude the admission of evidence of a refusal to submit to a blood-alcohol test in proceedings other than criminal prosecutions under Vehicle and Traffic Law § 1192. Instead, with respect to proceedings pursuant to sec-

tion 1192 only, it establishes prerequisites for the admission of such evidence.

Although the evidence of refusal may be of limited probative force, the refusal may be regarded as conduct inconsistent with Banscher's position on trial that he was not intoxicated at the time of the accident. Consequently, Banscher's refusal to submit to a breathalyzer test is admissible as an admission by conduct and serves as circumstantial evidence indicative of a consciousness of guilt (see, Richardson, Evidence §§ 219-221 [Prince 10th ed]; *People v Selsmeyer*, 128 AD2d 922).

The plaintiffs also contend that the trial court erred when it permitted evidence to be adduced establishing that Banscher was not convicted of a driving while intoxicated charge as a result of this accident. This issue, however, was not preserved for appellate review as a matter of law (see, CPLR 5501 [a] [3]). Although formal exceptions to rulings of the court are unnecessary, a party must "make known the action which he requests the court to take or * * * his objection to the action of the court" (CPLR 4017). The record fails to indicate that the plaintiffs' counsel ever did so. However, in the interest of judicial economy, we note that evidence of a failure to prosecute is inadmissible in a civil action arising out of the same circumstances (see, Richardson, Evidence § 348 [Prince 10th ed]; *Massey v Meurer*, 25 AD2d 729). Thompson, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.