(September 14, 1992)

■ DAVID ABBE, an Infant, by MARTIN ABBE, His Father and Natural Guardian, Appellant, v BOARD OF EDUCATION et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered May 23, 1990, which, in effect, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured during junior varsity baseball practice when he was struck in the face by a ball hit by one of his teammates. He commenced the instant action, alleging that the defendants were negligent in failing to adequately supervise and direct the practice. The plaintiff claims that the defendants were negligent in that they allowed two practices

to take place simultaneously on the same field. The defendants deny that two practices were taking place at the same time.

At the trial, the court initially permitted but then refused to admit into evidence a portion of an accident report containing a statement by the plaintiff's mother that her son told her that two practices had been taking place at the time he was injured. The trial court did not err in refusing to admit in evidence that portion of the accident report which consisted of self-serving hearsay statements (see, Casey v Tierno, 127 AD2d 727). The plaintiff's mother was under no duty to report the accident to the school and her statement does not fall under any exception to the hearsay rule (see, Cover v Cohen, 61 NY2d 261, 274; Johnson v Lutz, 253 NY 124; Murray v Donlan, 77 AD2d 337). Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.