■ STUART BLAUSTEIN, Respondent, v DORIS SASSOWER et al., Appellants. [649 NYS2d 30] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (McGinity, J.), entered October 25, 1993, which, after an inquest at which it was determined that the plaintiff had made out a prima facie case of liability, directed that the matter proceed to trial on the issue of damages.

Ordered that the appeal of Doris Sassower, P. C. is dismissed on the ground that it is not represented by an attorney (see, CPLR 321 [a]); and it is further,

Ordered that the order is modified, on the law, by deleting

the provision thereof which directed a trial on the issue of damages against Doris Sassower individually; as so modified the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on liability as to Doris Sassower individually, with costs to abide the event.

The plaintiff, Stuart Blaustein, commenced this legal malpractice action against the defendants in 1983. He claimed that in 1979 he retained the defendants to represent him in a matrimonial matter. The retainer letter, which the plaintiff signed, provided that he would not settle the matter without Doris Sassower's written consent.

The plaintiff and his ex-wife testified at an inquest that sometime in 1979 they had a long telephone conversation during which time they agreed to terms of a settlement on virtually all the issues in the matrimonial case. The plaintiff and his ex-wife presented the terms of their agreement to their respective attorneys to consummate the agreement. Thereafter, the ex-wife's attorney allegedly informed her that Mrs. Sassower refused to agree to the settlement. Consequently, the plaintiff allegedly endured the litigation for two years and incurred unwarranted legal expenses, even though the ex-wife was always desirous of settling the matter in accordance with the terms they had agreed upon in their telephone conversation.

After the inquest, in an order entered October 25, 1993, the court ruled that the plaintiff had established a *prima facie* case of legal malpractice, and directed that the matter proceed to trial on the issue of damages. It is from this order that the defendants appeal.

The appeal by Doris Sassower, P. C., must be dismissed. By decision and order of this Court dated June 14, 1991, Doris Sassower was suspended from the practice of law. Although both Mrs. Sassower and her P. C. were originally represented on this appeal by attorneys, by decision and order of this Court dated August 26, 1994, those attorneys were relieved from representing Mrs. Sassower and her P. C. While Mrs. Sassower has proceeded *pro se* in her individual capacity, she may not represent the P. C. (*see,* CPLR 321 [a]), and no attorney has appeared to represent it.

We agree with the defendant Doris Sassower that the court erred when it admitted the testimony of the plaintiff's ex-wife as to what her attorney told her after the attorney had a telephone conversation with Mrs. Sassower's office. The testimony was self-serving hearsay, and the record does not establish that it fell within any exception to the hearsay rule

(*see, Cover v Cohen,* 61 NY2d 261, 274; *Bazza v Banscher,* 143 AD2d 715; *Casey v Tierno,* 127 AD2d 727). Since that testimony related to the ultimate issue of whether the plaintiff established a *prima facie* case of liability, its admission constituted prejudicial and reversible error (*see, Casey v Tierno, supra; Quaglio v Tomaselli,* 99 AD2d 487).

In light of our foregoing determination, we have not considered the parties' remaining contentions. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.