■ LILLIAN KAMENOV, Respondent, v NORTHERN ASSURANCE COMPANY OF AMERICA, Appellant. (Appeal No. 1.) [687 NYS2d 838] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff commenced this action after defendant rejected a fire loss claim submitted by her under her homeowner's insurance policy. In its answer, defendant asserted as affirmative defenses that the fire was caused by arson procured by Kamen Kamenov (Kamenov), plaintiff's husband and agent, and that plaintiff was not entitled to coverage because of intentional misrepresentation of material facts in the policy application and examinations

under oath of plaintiff and Kamenov. The parties stipulated at trial that the fire was caused by arson, and defendant presented undisputed testimony that the arsonist was Eddie Mance, who died of smoke inhalation at the scene. The jury rendered a verdict in favor of plaintiff. We reverse the judgment and grant a new trial.

Supreme Court erred in permitting Kamenov to testify, over defendant's objection, that he had never been prosecuted for arson. That was error. Evidence of nonprosecution is inadmissible in a civil action (*see, Bazza v Banscher,* 143 AD2d 715, 716; *see also, Kelly's Auto Parts, No. 1 v Boughton,* 809 F2d 1247, 1252-1253; *Goffstein v State Farm Fire & Cas. Co.,* 764 F2d 522, 524). The court also erred in refusing to permit a defense witness to testify that Kamenov stated that he would give money to her for the children of Eddie Mance. That testimony fell within the admission exception to the hearsay rule. Although equivocal, Kamenov's statement indicated a consciousness of guilt (*see, Bazza v Banscher, supra,* at 716; *see also, People v Bennett,* 79 NY2d 464, 470), and the testimony was relevant to establish a relationship between Mance and Kamenov. Additionally, the court erred in precluding defendant from reading into evidence portions of the examinations under oath of plaintiff and Kamenov on the insurance .claim. That evidence was relevant with respect to defendant's affirmative defense that plaintiff or her agent intentionally misrepresented material facts at their examinations under oath, thus invalidating the policy (*see, Leon Sylvester, Inc. v Aetna Cas. & Sur. Co.,* 227 AD2d 212, *lv dismissed in part and denied in part* 89 NY2d 914; *see also, Dlugosz v Exchange Mut. Ins. Co.,* 176 AD2d 1011, 1012-1013).

We conclude, however, that the court properly precluded the testimony of a witness that, on the night before the fire, Mance told him that Kamenov asked Mance to set fire to the property at Woltz and Sycamore. Double hearsay is admissible only if each hearsay statement falls within an exception to the hearsay rule (*see,* 2 McCormick on Evidence § 324.1, at 368 [4th ed 1992]; *see, e.g., O'Connor v Incorporated Vil. of Port Jefferson,* 104 AD2d 861). The statement of Mance to the witness was not admissible under the declaration against penal interest exception to the hearsay rule because, at the time the statement was made, it did not subject Mance to criminal prosecution and incarceration (*cf., People v Settles,* 46 NY2d 154, 167-168; *see also, People v Brensic,* 70 NY2d 9, 15, *mot to amend remittitur granted* 70 NY2d 722).

We further conclude that the court erred in denying defen-

dant's request to charge separately the affirmative defenses of fraud and arson. Defendant submitted evidence in support of both affirmative defenses and therefore was entitled to have the jury instructed regarding each of them (*see generally, Long Is. Ski Ctr. v Hartford Fire Ins. Co.*, 121 AD2d 368; *Seawide Fish Mkt. v New York Prop. Ins. Underwriting Assn.*, 111 AD2d 137). An erroneous instruction is "only deemed harmless when there is no view of the evidence under which appellant could have prevailed" (*Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 43). Because the affirmative defenses, if credited by a jury, would have supported a verdict in defendant's favor, the error cannot be deemed harmless.

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Whelan, J.—Contract.) Present—Green, J. P., Pine, Wisner, Pigott, Jr., and Balio, JJ.