■ JAMES E. POWELL, Respondent, v SODUS COLD STORAGE COMPANY, Appellant. [735 NYS2d 309] —Judgment unanimously affirmed without costs. Memorandum: Defendant appeals from a judgment entered upon a jury verdict finding defendant liable pursuant to Labor Law § 240 (1) for injuries sustained by plaintiff while working at defendant's facility. Plaintiff was hired to install insulation panels on the outside of defendant's building. The panels, which were approximately 18 feet long, four feet wide, four inches thick, and weighed 50 to 80 pounds, were installed in a track located on a wall four feet above the ground. A rope was tied around a panel, and the panel was lifted from the bottom by plaintiff and two co-workers, while a third co-worker standing either on the roof or a scissors lift used the rope to pull up the panel to a level above the track in order for the workers on the ground to set it into the track; the

panel would then be attached to its adjacent panel. Plaintiff established that he was injured when his co-worker on the roof let go of the rope, causing the panel attached to the rope to strike plaintiff, knocking him to the ground.

Contrary to defendant's contention, Supreme Court properly denied defendant's motion for a directed verdict (see, CPLR 4401). Defendant contends that Labor Law § 240 (1) does not apply to these facts because the proof established that the panel was at the level of plaintiff's chest when it struck plaintiff. Arguably, plaintiff's testimony that the base of the panel was approximately 4 or 5 feet off the ground supports defendant's contention that there was no height differential between plaintiff and the base of the panel (see, Narducci v Manhasset Bay Assocs., 96 NY2d 259, 267-269; cf., Micoli v City of Lockport, 281 AD2d 881, 882). We conclude, however, that plaintiff otherwise provided evidence of a height differential, thereby bringing this case within the ambit of section 240 (1). That section encompasses hazards "related to the effects of gravity where protective devices are called for * * * because of a difference between * * * the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514).

"[F]or section 240 (1) to apply, a plaintiff must show more than simply that an object fell causing injury to a worker. A plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of a kind enumerated in the statute" (Narducci v Manhasset Bay Assocs., supra, at 268; see, Micoli v City of Lockport, supra, at 882). Here, one of the workers who lifted the panel with plaintiff testified that the panel was pulled up too high by the co-worker on the roof and that the panel that struck plaintiff was 5 to 8 feet off the ground. He further testified that he is just over six feet tall and "had to reach" for the panel above the track and was unable to hold it when the co-worker above let go of the rope, causing the panel to strike plaintiff. The evidence was uncontroverted that the only method provided for hoisting the panels was the rope method, and the rope either slipped or was dropped by the co-worker on the roof. Affording plaintiff "the benefit of the most favorable inferences which can reasonably be drawn from [the] evidence" (Nicholas v Reason, 84 AD2d 915), we conclude that there was a triable issue of fact whether plaintiff was injured as a result of the lack of or the inadequacy of a safety device enumerated in Labor Law § 240 (1) (cf., Narducci v Manhasset Bay Assocs.,

*supra*; *Micoli v City of Lockport, supra*), and thus the court properly denied defendant's motion for a directed verdict.

Defendant failed to preserve for our review its further contention that the court erred in refusing to admit in evidence plaintiff's medical records containing statements allegedly made by plaintiff to his treating physician (*see,* CPLR 5501 [a] [3]). Finally, we conclude that the court did not abuse its discretion in denying defendant's request to include certain questions on the special verdict sheet. Contrary to defendant's contention, those questions were not in accordance with our decision in a prior appeal (*Powell v Sodus Cold Stor. Co.,* 258 AD2d 904). In any event, the special verdict sheet, which included two of the questions requested by defendant, accurately reflected the court's instructions to the jury (*see,* CPLR 4111 [b]). (Appeal from Judgment of Supreme Court, Wayne County, Kehoe, J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.