■ JANELLE M. KIRBY et al., Appellants, v MONROE No. 1 BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents. [769 NYS2d 670]—

Appeal from an order of Supreme Court, Monroe County (Galloway, J.), entered November 20, 2002, which denied plaintiffs' motion to set aside the verdict finding that defendant Sandra L. McGaw was not negligent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by plaintiff Janelle M. Kirby in a motor vehicle accident. Plaintiffs appeal from an order denying their motion to set aside the verdict finding that defendant Sandra L. McGaw, the operator of the school bus that allegedly collided with plaintiffs' vehicle, was not negligent. Plaintiffs contend, as they did in Supreme Court, that the court erred in admitting testimony and documentation concerning the dismissal of a simplified traffic information issued to McGaw in connection with the accident, and that the verdict is against the weight of the evidence.

Plaintiffs' challenge to the admission of McGaw's testimony concerning the dismissal of the traffic charge was not preserved for our review by a timely objection (*see* CPLR 5501 [a] [3]; *Powell v Sodus Cold Stor. Co.*, 289 AD2d 1000, 1002 [2001]; *see also Taylor-Gove v St. Joseph's Hosp. Health Ctr.*, 242 AD2d 879, 880 [1997], *lv denied* 91 NY2d 805 [1998]). Although plaintiffs objected to the admission of the certificate of disposition of the traffic charge, we conclude that, in the unusual circumstances of this case, the court properly admitted the document pursuant to an exception to the general rule precluding the admission of evidence of the dismissal of a traffic charge arising out of the same incident as the civil action (*see generally Kamenov v Northern Assur. Co. of Am.*, 259 AD2d 958, 959 [1999]; *Bazza v Banscher*, 143 AD2d 715, 716 [1988]). The document was probative to counter McGaw's evidently mistaken deposition testimony, introduced by plaintiffs, that McGaw had pleaded guilty to the traffic charge (*see generally Ando v Woodberry*, 8 NY2d 165, 167-171 [1960]). Once plaintiffs had introduced that deposition testimony, defendants were properly given the " 'opportunity to explain' " that there in fact had been no guilty plea and that the traffic charge had been dismissed (*id.* at 171, quoting *Chamberlain v Iba*, 181 NY 486, 490 [1905]; *see also Cohens v Hess*, 92 NY2d 511, 513-514 [1998]). Even assuming, arguendo, that the court erred in admitting the certificate of disposition, we conclude that plaintiffs suffered no prejudice as a result of that ruling. By that point of the trial, McGaw had already testified without objection to the dismissal of the traffic charge and the reason therefor.

The court properly denied plaintiffs' motion to set aside the verdict as against the weight of the evidence (*see* CPLR 4404 [a]; *Wilson v Mary Imogene Bassett Hosp.,* 307 AD2d 748 [2003]). It cannot be said that the jury verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Root v Di Raddo,* 302 AD2d 987, 988 [2003], *lv denied* 100 NY2d 504 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.