▬ Stuart Price et al., Respondents, v Stephen C. Studley, Appellant, et al., Defendants. (Appeal No. 1.) [816 NYS2d 634]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 15, 2005 in a personal injury action. The judgment was entered upon a jury verdict in favor of plaintiffs and against defendant Stephen C. Studley on the issues of negligence and proximate cause.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Laurie Wagner-Price (plaintiff) when the vehicle she was operating collided with another vehi-

cle in a multi-vehicle accident. The evidence presented during that part of the bifurcated trial on the issues of negligence and proximate cause established that Stephen C. Studley (defendant) was operating his vehicle in the center lane of the three-lane expressway and that he signaled a lane change and moved from the center lane into the left lane of travel. In the process, defendant's vehicle collided with a vehicle that was traveling in the left lane and was being operated by defendant Mary Jo Linenfelser (now Mary Jo Soto). Plaintiff's vehicle was traveling behind Soto's vehicle in the left lane and collided with a vehicle that was traveling behind defendant's vehicle in the center lane. The jury returned a verdict finding that defendant was negligent and that his negligence was "a substantial factor in causing the collision involving plaintiff's vehicle." The jury also found that plaintiff was negligent but that her negligence was not "a substantial factor in causing the collision involving her vehicle." Defendant moved to set aside the verdict as against the weight of the evidence insofar as the jury found that defendant's "negligence was a proximate cause of the collision with the [p]laintiff's vehicle" and that plaintiff's negligence was not a proximate cause of the collision. Supreme Court properly denied defendant's motion. It cannot be said that "the preponderance of the evidence in favor of [defendant] is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]; *see Wojcik v Kent*, 21 AD3d 1410, 1411-1412 [2005]; *Guthrie v Overmyer*, 19 AD3d 1169 [2005]; *Shea v Mazza*, 307 AD2d 708, 709 [2003]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Rather, "the verdict is one that reasonable persons could have rendered after receiving conflicting evidence [and, therefore,] the court [properly refused to] substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720 [2003]). Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.