■ ROBIN RUSSELL, Individually and as Administratrix of the Estate of RONALD L. RUSSELL, Deceased, Appellant, v CITY OF BUFFALO et al., Respondents. [825 NYS2d 857]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered December 22, 2004 in a personal injury and wrongful death action. The order granted defendants' motion to set aside the verdict and granted a new trial on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiff commenced this action, individually and as administratrix of the estate of her husband (decedent), seeking damages arising from the collision of a motorcycle operated by decedent with a police vehicle owned by defendant City of Buffalo (City) and operated by defendant Thomas Bluff, a police lieutenant for the City. The accident occurred on or alongside the inbound lanes of the Kensington Expressway beneath the Scajaquada Parkway underpasses in the City. According to plaintiff, the accident occurred when the police vehicle pulled out directly in front of the motorcycle, leaving decedent insufficient reaction and stopping time to avoid the collision. According to defendants, the accident occurred when decedent, who was intoxicated and driving his motorcycle at an excessive speed, left the highway and struck the police vehicle while it was stopped entirely on the shoulder. In submitting the case to the jury following a trial on liability, Supreme Court directed a verdict in favor of defendants on the issue of decedent's comparative negligence for speeding. By its verdict, the jury determined that both decedent and Bluff were negligent in the operation of their respective vehicles, but that Bluff's negligence only, and not the comparative negligence of decedent, was a proximate cause of the fatal injuries. The jury thus apportioned 100% of the liability to defendants, and the court thereafter granted defendants' motion to set aside the verdict as against the weight of the evidence and irrational and granted a new trial on liability.

We agree with plaintiff on her appeal that the court erred in

granting defendants' motion to set aside the verdict as against the weight of the evidence and irrational. "A motion to set aside a jury verdict . . . should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*McLoughlin v Hamburg Cent. School Dist.*, 227 AD2d 951, 951 [1996], *lv denied* 88 NY2d 813 [1996]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Kirby v Monroe No. 1 Bd. of Coop. Educ. Servs.*, 2 AD3d 1387, 1389 [2003]). In this case, the evidence concerning the causal relationship between decedent's comparative negligence and injuries did not so preponderate in favor of defendants that the verdict returned by the jury could not have been reached upon any fair interpretation of the evidence (*see Price v Studley*, 28 AD3d 1196, 1197 [2006]). Given the sharply disputed factual scenario and the conflicting testimony of the parties' experts on the issue of causation, the jury's verdict is one that reasonable persons could have rendered (*see id.; Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748 [2003]; *Petrovski v Fornes*, 125 AD2d 972, 973 [1986], *lv denied* 69 NY2d 608 [1987]). Indeed, this trial presented a classic battle of the experts on the determinative issue of causation (*see Johnston v Joyce*, 192 AD2d 1124, 1125 [1993]; *Lillis v D'Souza*, 174 AD2d 976, 977 [1991], *lv denied* 78 NY2d 858 [1991]).

We have considered the remaining contention of plaintiff and conclude that it is without merit. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible" (*Liteky v United States*, 510 US 540, 555 [1994]).

With respect to defendants' contentions, we conclude that the court did not abuse its discretion in allowing plaintiff to be represented by separate counsel in her dual capacity as plaintiff in the instant action and as a defendant in a second action joined with the instant action for trial (*see generally Chemprene, Inc. v X-Tyal Intl. Corp.*, 55 NY2d 900 [1982]; *Koehnlein v Jackson*, 12 AD3d 1185, 1186 [2004], *lv denied* 4 NY3d 706 [2005]). We further conclude that defendants have not demonstrated that they were prejudiced by any asserted lack of expert disclosure by plaintiff before trial (*see generally Rook v 60 Key Ctr.*, 239 AD2d 926, 927-928 [1997]). Present—Hurlbutt, A.P.J., Kehoe, Smith and Pine, JJ.