[906 NYS2d 871]

DORENE L., Petitioner, v DHANESWAR R., Respondent.

Family Court, Bronx County, August 9, 2010

**APPEARANCES OF COUNSEL**

*Sam Duhlberg* for respondent. *Lisa Licata* for petitioner. *Mina MacFarlane* for the children.

**OPINION OF THE COURT**

ANDREA MASLEY, J.

On December 17, 2009, petitioner Dorene L. filed in this court a petition seeking an order of protection under article 8 of the Family Court Act. She alleges:

"[O]n December 13, 2009 at 03:00P.M. at the petr's home: The petr states that a man sent by her children's husband [sic], came to her home, and told her that he was sent to kill her by bashing her head with a hammer, and by cutting her throat with a knife which he left them both behind, after having a change of heart. All this because she took him to Court for child support. The petr states that the police have been notified and are investigating the case, but haven't given her any information to calm her nerves. The petr states that the man knew her address, where she worked, shopped, etc. and she cannot sleep at night. The petr is requesting an O/P, and also any advice or information on what she should do to get some closure or peace of mind about the case. the petr states that she is so frightened and afraid that she can't sleep at night, and also left her job for fear of getting hurt or killed on the job."

On December 21, 2009, respondent Dhaneswar R. acknowledged service. Both parties and the children were represented by counsel. On June 7, 2010, a trial was held at which Ms. L. testified. At the conclusion of her testimony, Mr. R. moved to dismiss for Ms. L.'s failure to prove her prima facie case.

The court has jurisdiction under Family Court Act § 812 on the grounds that petitioner and respondent have three children in common.

The court finds that Ms. L. testified credibly to precisely what she alleged in her petition. However, after hearing the evidence and testimony offered on June 7, 2010, the court finds that Ms. L. failed to prove a family offense by a fair preponderance of the evidence. Ms. L.'s evidence consisted of her testimony. Mr. R. objected to her testimony regarding what the stranger said to her on December 13, 2009. Ms. L. explained that it was offered to show state of mind, not for its truth to show menacing or stalking. The court allowed the testimony at trial. However, since it was not offered for its truth, there is no evidence before the court upon which it can find a family offense. While Ms. L.'s fear of Mr. R. caused by this incident is palpable, her fear alone is insufficient to prove a family offense.

The court also considered admitting the statement as an admission against the interest of the stranger.

"To qualify for admission into evidence as a declaration against the maker's penal interest the following elements must be present: first, the declarant must be unavailable as a witness at trial; second, when the statement was made the declarant must be aware that it was adverse to his penal interest; third, the declarant must have competent knowledge of the facts underlying the statement; and, fourth, and most important, supporting circumstances independent of the statement itself must be present to attest to its trustworthiness and reliability." (*People v Settles*, 46 NY2d 154, 167 [1978].)

Here, we have no supporting circumstances independent of the statement itself to corroborate the statement. (*Kamenov v Northern Assur. Co. of Am.*, 259 AD2d 958, 959 [4th Dept 1999] [witness testimony that "on the night before the fire, (arsonist) told (witness) that (husband of property owner) asked (arsonist) to set fire to the property" not admissible in property owner's action against insurance company to show that defendant insurer was not liable because the owner's husband hired an arsonist because no corroboration].) Here, neither the knife nor the hammer were submitted into evidence. If the knife and hammer were taken by the police, the voucher could have been submitted as evidence. One of the children allegedly heard the statements, but the child was not offered as a witness. Even if the court credits the child's statement made in an in camera interview in the custody action, it is not admissible in the family offense proceeding. It would be inappropriate to import to an article 8 proceeding, the testimony from this court's in camera interview of the children in an article 6 proceeding. (*See Matter of Justin CC. [Tina CC.]*, 77 AD3d 207 [3d Dept 2010] [modified *Lincoln* hearing not permissible in Family Court Act article 10 proceeding because it raised fundamental due process issues].) The purpose of an in camera interview is "to obtain a full understanding of the effect of parental differences on the child, as well as an honest expression of the child's desires and attitudes" with regard to custody and visitation. (*Matter of Lincoln v Lincoln*, 24 NY2d 270, 272 [1969].) "There can be no question that an interview in private will limit the psychological danger to the child and will also be far more informative and worthwhile than the traditional procedures of the adversary system—an examination of the child under oath in open court." (*Id.*) While the standard of proof is lower in a family offense proceeding in Family Court than in Criminal Court, the fact remains that in an article 8

proceeding, the court is determining whether a crime has been committed. In an article 8 proceeding, the standard is fair preponderance of the evidence under Family Court Act § 832, while the standard in a custody matter is whether it is in the best interest of the children. (*Eschbach v Eschbach*, 56 NY2d 167 [1982].) In an article 8 proceeding, like an article 10 proceeding, the parties must be afforded the traditional procedures of the adversary system: e.g. cross-examination. (*See Matter of Justin CC. [Tina CC.], supra.*) If the court were to rely on the in camera interview, where only counsel for the child is present, the fundamental due process rights of the parties would be compromised.

Further, there is no admissible proof that the declarant is unavailable. Ms. L. testified that the stranger did not identify himself other than that he worked with Mr. R. and the police could not fingerprint the knife and hammer because the man wore gloves. However, the police detective was not offered as a witness to testify as to the efforts made by the police to find him. Finally, Mr. R. was not called as a witness to testify about whether he had directed the stranger to visit, threaten or murder Ms. L.

Ordered that the motion to dismiss is granted and the family offense petition is dismissed without prejudice.