Appeal from an order of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered September 25, 2013. The order, insofar as appealed from, granted that part of the motion of plaintiffs seeking to set aside a verdict with respect to defendant Niagara Falls Memorial Medical Center.
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the posttrial motion is denied in its entirety and the verdict with respect to defendant Niagara Falls Memorial Medical Center is reinstated.
Memorandum: Plaintiffs, individually and on behalf of their son, commenced this medical malpractice action seeking dam *1410 ages for injuries allegedly sustained by the child during labor and delivery. After a trial, the jury rendered a verdict in favor of defendants, finding that defendant Jayaselvi Kolli, M.D. was not negligent and that defendant Niagara Falls Memorial Medical Center (hospital) was negligent, but that its negligence was not a proximate cause of the child’s injuries. Supreme Court subsequently granted in part plaintiffs’ posttrial motion to set aside the verdict as against the weight of the evidence by setting aside the verdict in favor of the hospital and ordering a new trial on the issue of proximate cause. We agree with the hospital that the court erred in granting in part plaintiffs’ post-trial motion, and we therefore reverse the order insofar as appealed from, deny the posttrial motion in its entirety, and reinstate the verdict with respect to the hospital.
“A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiffis] that it could not have been reached on any fair interpretation of the evidence” (Krieger v McDonald’s Rest, of N.Y., Inc., 79 AD3d 1827, 1828 [2010], lv dismissed 17 NY3d 734 [2011] [internal quotation marks omitted]). We conclude that there is a fair interpretation of the evidence pursuant to which the jury could have found that the labor and delivery nurses employed by the hospital were negligent, but that their negligence did not proximately cause the child’s injuries. Defendants’ expert testified that the child’s injuries occurred in útero, no earlier than a week before delivery and, thus, that any negligence on the part of the hospital nurses did not cause or contribute to his injuries. The court improperly invaded the jury’s province in rejecting that opinion and accepting the contrary opinion of the child’s treating physician (see Reilly v Ninia, 81 AD3d 913, 915 [2011]; Barton v Youmans, 24 AD3d 1192, 1192 [2005]). Contrary to the court’s determination, we conclude that the opinion of defendants’ expert was neither speculative (cf. Vergara v Scripps Howard, 261 AD2d 302, 307 [1999], lv denied 94 NY2d 757 [1999]), nor contrary to the evidence (cf. Persaud v City of New York, 307 AD2d 346, 347 [2003], lv denied 1 NY3d 502 [2003]). “Indeed, this trial presented a classic battle of the experts on the determinative issue of causation” (Russell v City of Buffalo, 34 AD3d 1291, 1293 [2006]), and it was for the jury to decide which expert was more credible (see Radish v DeGraff Mem. Hosp., 291 AD2d 873, 874 [2002]).
Present — Scudder, PJ., Smith, Peradotto, Carni and Sconiers, JJ.