Blanchard v Chambers (2018 NY Slip Op 02852)





Blanchard v Chambers


2018 NY Slip Op 02852


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525298

[*1]JENNIE M. BLANCHARD et al., Appellants,
v
SANDRA J. CHAMBERS, Respondent.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


DerOhannesian & DerOhannesian, Albany (Paul DerOhannesian II of counsel), for appellants.
Bailey, Johnson, DeLeonardis & Peck, PC, Albany (Vincent J. DeLeonardis of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Ferreira, J.), entered April 14, 2017 in Albany County, which denied plaintiffs' motion to set aside the verdict in favor of defendant.
Plaintiffs commenced this action seeking to recover for injuries sustained by plaintiff Jennie M. Blanchard at approximately 9:00 p.m. on May 28, 2010. Blanchard had exited the Algonquin Restaurant, located on the east side of Route 9N in the Town of Bolton, Warren County, intending to return to her vehicle that was parked in a parking lot located on the west side of the highway. The weather conditions were clear, dry and dark, and the road was illuminated by overhead streetlights. Defendant was driving south on Route 9N at approximately the posted speed limit of 30 miles per hour with her headlights on. As defendant
approached the area where the Algonquin Restaurant is located, she struck Blanchard with her vehicle. The jury rendered a verdict finding that defendant was not negligent. Plaintiffs' motion to set aside the verdict was denied, and plaintiffs appeal.
We reverse. Based on defendant's own testimony, the verdict exonerating her from any comparative fault is against the weight of the evidence, and plaintiffs' motion to set aside the verdict should have been granted on that basis and a new trial ordered. This Court "may not disregard a jury verdict as against the weight of the evidence unless 'the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107 [2016], quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). As a general matter, a motorist has a duty to [*2]maintain a proper lookout under the driving circumstances presented and to maintain a reasonably safe rate of speed (see PJI 2:77). A motorist is further "required to keep a reasonably careful look out for pedestrians, to see what was there to be seen, to sound the horn when a reasonably prudent person would have done so to warn a pedestrian of danger and to operate the car with reasonable care to avoid hitting any pedestrian on the roadway" (PJI 2:75). These principles in mind, defendant testified that she first observed three people at the edge of Route 9N in front of the Algonquin restaurant heading across the road toward the parking lot on the west side. She estimated being "[p]robably about a football field" away when she first saw the pedestrians. She also estimated her speed at 30 miles per hour and acknowledged that she did not slow down. Explaining how the accident occurred, defendant testified as follows: "As I got closer to the people, who I thought were crossing the road, they were not moving and I knew that if I continued I would hit them so I severely twisted my wheel of the car thinking I could get around them." She stated that, as she turned her wheel to the right, the pedestrians were on her left. She did not decrease her speed prior to swerving and could not remember sounding her horn.
Defendant's version of the accident places Blanchard in the roadway, while Blanchard testified that she was in the west shoulder area at the time of impact. Even accepting defendant's version, her testimony confirms that Blanchard was within her view for a distance of about 100 yards and defendant was aware that Blanchard was crossing the road, and yet, defendant did not slow down or sound her horn. Defendant's own account confirms that she failed to take any evasive action until the last moment. In our view, defendant's failure to take reasonable measures to avoid hitting Blanchard gives rise to some degree of comparative fault for this accident. As the jury's verdict exonerating defendant could not have been reached on any fair interpretation of this evidence, a new trial is in order.
Egan Jr. and Pritzker, JJ., concur.




Rumsey, J. (concurring).


We concur in the majority's determination that the matter must be remitted for a new trial, but we would reverse on the basis that Supreme Court erred in permitting State Trooper Edward Stannard to testify regarding the statement that defendant made to him at the scene concerning how the accident occurred. At trial, defendant called Stannard, who, over plaintiffs' objection, testified that defendant told him that, as "she was traveling southbound on 9N, Lake Shore Drive, she observed a person walking across the street[. A]t the last second she realized she was going to strike her and that[,] in an attempt to not fully strike her[,] she went to the left shoulder[, which] caused the vehicle to flip over[. Plaintiff Jennie M. Blanchard] struck the driver side, side mirror."[FN1]
Plaintiffs objected to the admission of Stannard's testimony regarding defendant's statement on the basis that it was a self-serving statement. Whether the statement attributed to defendant by Stannard was, in fact, self-serving must be determined in the context of the issues and evidence presented at trial. The ultimate issues at trial were the cause of the accident and the extent, if any, of the parties' respective negligence. A material fact relevant to the determination [*3]of these issues was disputed, namely, Blanchard's location when she was struck by defendant's automobile. Blanchard testified that she had already safely crossed Route 9N and was in the unpaved portion of the parking lot several feet west of the highway when she was struck. As noted by the majority, defendant explained how the accident occurred by testifying that, "[a]s I got closer to the people, who I thought were crossing the road, they were not moving and I knew that if I continued I would hit them so I severely twisted my wheel of the car thinking I could get around them."
Whether Blanchard had already safely crossed the road or was standing in the road when she was struck is relevant to the determination of the extent to which either party was negligent.
To illustrate, a finding that Blanchard was struck while standing in the parking lot after having safely crossed the traveled portion of the road would justify a determination that defendant was negligent and the apportionment of the fault entirely to her. By contrast, a finding that Blanchard was struck in the road would require the jury to consider and weigh the conduct of both parties to determine the extent to which each may have been negligent. In making that determination, whether Blanchard was located in the road immediately prior to the collision and, if so, whether she was standing or moving in an attempt to cross, would be relevant to the extent of Blanchard's negligence. This remains true even in light of the majority's conclusion that defendant was negligent, at least to some extent, on the basis that her own testimony establishes that she failed to timely take evasive action. Although the brief prior statement that defendant gave to Stannard is not detailed and, in some respects, contradicts her trial testimony, it is consistent with her trial testimony regarding the key fact crucial to her version of the accident — that Blanchard was located in the road immediately prior to the collision. Thus, the prior statement was self-serving because it bolstered defendant's testimony that Blanchard was standing in the road prior to the collision.[FN2]
Prior consistent or self-serving statements of a party are hearsay and may be admitted only when they meet an exception to the hearsay rule (see Cover v Cowen, 61 NY2d 261, 274 [1984]; Huff v Rodriguez, 45 AD3d 1430, 1432 [2007]; Casey v Tierno, 127 AD2d 727, 728 [1987]). Here, no showing was made that defendant's hearsay statement to Stannard satisfied any exception to the hearsay rule. Inasmuch as the statement related to the ultimate issues to be determined by the jury — the cause of the accident and the resulting apportionment of fault — its erroneous admission constituted reversible error requiring a new trial (see Huff v Rodriguez, 45 AD3d at 1432; Bazza v Banscher, 143 AD2d 715, 715 [1988]; Casey v Tierno, 127 AD2d at 728). In light of our determination that a new trial is required — based on resolution of an evidentiary issue that may be presented upon retrial of this action — we would not address matters that will be determined by another jury, such as the cause of the accident and the apportionment of fault.
Garry, P.J., concurs.
ORDERED that the order is reversed, on the facts, motion granted, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.



Footnotes

Footnote 1: Notably, no offer of proof was made and Supreme Court was unaware of the content of the statement when it overruled plaintiffs' objection and permitted Stannard to testify.

Footnote 2: We would also note that the jury may have been inclined to give greater weight to the self-serving statement when resolving the competing testimony of the parties because the statement was made contemporaneously with the accident and it was related to them through testimony from a trooper whose position and training required him to investigate the accident.