People v Jones (2021 NY Slip Op 01633)





People v Jones


2021 NY Slip Op 01633


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


848 KA 17-00683

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL JONES, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered December 20, 2016. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We affirm.
Defendant contends that Supreme Court erred in precluding him from presenting at trial certain hearsay testimony of third-party culpability (see generally People v Thibodeau, 31 NY3d 1155, 1158-1159 [2018]). We reject that contention. At trial, defendant made an offer of proof with respect to the prospective testimony of a police officer that she had been told by another person that someone else—i.e., a person other than defendant—was responsible for killing the victim. The officer's proposed testimony about another person's statements concerning the statements of yet another person constituted double hearsay. "Double hearsay is admissible only if each hearsay statement falls within an exception to the hearsay rule" (Kamenov v Northern Assur. Co. of Am., 259 AD2d 958, 959 [4th Dept 1999]; see People v Myhand, 120 AD3d 970, 973 [4th Dept 2014], lv denied 25 NY3d 952 [2015]). Here, the court properly determined that the officer's proposed testimony was inadmissible inasmuch as the statement made to her relaying the purported third-party admission constituted hearsay and did not fall within any of the exceptions to the hearsay rule (see generally People v Brensic, 70 NY2d 9, 14 [1987], remittitur amended 70 NY2d 722 [1987]; People v Meadow, 140 AD3d 1596, 1598 [4th Dept 2016], lv denied 28 NY3d 933 [2016], reconsideration denied 28 NY3d 972 [2016]).
In light of our conclusion that the officer's proposed testimony was inadmissible hearsay, it is unnecessary for us to consider whether the court properly determined that the initial declarant's purported hearsay admission of culpability did not fall within the declaration against penal interest exception to the hearsay rule (see generally Thibodeau, 31 NY3d 1158-1159). To the extent defendant contends that he was deprived of his constitutional right to present a defense by the court's ruling precluding the proposed testimony, we conclude that his contention is unpreserved (see People v Lane, 7 NY3d 888, 889 [2006]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that " 'the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v [*2]Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). The witness testimony and video footage admitted at trial provided ample evidence from which the jury could conclude that defendant and the victim engaged in an argument and that defendant stabbed the victim while the victim was taking a shower. Moreover, the jury was entitled to infer that defendant intended to cause serious physical injury to the victim inasmuch as the evidence established that defendant inflicted a stab wound in the vicinity of the victim's vital organs, which resulted in the victim's death (see People v Goley, 113 AD3d 1083, 1083 [4th Dept 2014]; see also People v Ross, 270 AD2d 36, 36 [1st Dept 2000], lv denied 95 NY2d 803 [2000]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court